**Ueon C. BAK, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant—Appellee.**

**No. 06–55581.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ueon C. Bak, Garden Grove, CA, pro se.

Karen H. Shelton, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Ueon C. Bak appeals pro se from the district court's summary judgment for the Postmaster General in Bak's Title VII action alleging the Postal Service discriminated on the basis of national origin and race, and retaliated against him, when it denied his application for employment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Scheuring v. Traylor Bros., Inc.,* 476 F.3d 781, 784 (9th Cir.2007), and affirm.

The district court properly granted summary judgment to the Postal Service on Bak's claim of disparate treatment because Bak failed to present evidence that someone similarly situated to Bak was treated more favorably. *See Berry v. Dep't of Soc. Servs.,* 447 F.3d 642, 656 (9th Cir.2006) (describing elements of prima facie case of disparate treatment).

The district court properly concluded that even if Bak had made a prima facie case, he failed to raise a triable issue as to whether the Postal Service used its policy—of refusing employment to persons who resign from federal employment after being notified of impending discharge—as a pretext for discrimination. *See Dominguez–Curry v. Nevada Transp. Dep't,* 424 F.3d 1027, 1037 (9th Cir.2005) (holding that, to survive a defendant's motion for summary judgment on a Title VII claim, "[t]he plaintiff ... must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination.").

The district court also properly concluded that Bak failed to raise a triable issue as to whether the Postal Service applied its policy as a pretext for a retaliatory

ed by 9th Cir. R. 36–3.

motive. *See Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 894 (9th Cir.2005).

Bak's September 20, 2006 motion to strike the Postal Service's sealed excerpts is denied because, contrary to Bak's contention, the district court docket reflects the excerpts were filed in district court. Bak's request for sanctions is also denied.

**AFFIRMED.**